Taliaferro, J.
The plaintiff sues on a promissory note for $2586, drawn by the defendants to the order of and indorsed by Gretzner, Winehill & Co., dated twentieth August, 1871, and due four months after date. The defense is that the plaintiff is not the owner of the note sued on ; that it was made solely as an accommodation note for the benefit of Gretzner, Winehill & Co., who pledged it to the plaintiff to secure the payment to the Teutonia Bank of a note of their own for $1000, maturing at an earlier date. The defendants allege that, after learning that this disposition had been made of the accommodation note, they went in company with one of the members of the firm of Gretzner, Winehill & Co. to the bank, and in presence of two witnesses tendered through its proper officers, in legal tender notes, one thousand dollars, with interest thereon- to said date and costs of protest, to pay and take up the $1000 note of Gretzner, Winehill & Co., and notified the said officers that the note for $2586 they held as collateral security for the $1000 note held by them against Gretzner, Winehill & Co., was an accommodation note without consideration; that the plaintiff refused to receive full payment of the $1000 note and deliver up the note pledged to secure its payment; that defendants then notified the plaintiff not to protest the said note, and if they did they would be held liable for all damages that might result therefrom; that, notwithstanding, the plaintiffs persisted in holding said note against the will of Gretzner, Winehill & Co., as well as that of defendants, and did cause it to be protested, by which act the credit and character of the defendants, as merchants, were seriously affected and their business injured 'to the amount of at least ten thousand dollars. They allege that the thousand dollar note of Gretzner, Winehill & Co. has been paid. The defendants pray that the plaintiffs’ demand be rejected, and they pray judgment in reconvention against the plaintiffs for ten thousand dollars damages, with legal interest from judicial demand, etc.
*111 Judgment was rendered in favor of the defendants for ten thousand dollars, less the amount of Gretzner, Winehill & Co.’s note for $1000 and interest, held by the plaintiffs. The plaintiffs appealed. In this court defendants ask that the credit allowed by the judgment be stricken out.
Pending the proceedings in this case in the lower court the plaintiffs sued out a writ of attachment against the defendants, on the allegation that they were about to convert their property into money or evidences of debt, with intent to place it beyond the reach of their creditors. The defendants’ stock of merchandise and other personal property were seized by the sheriff, and afterwards released by the defendants on bond.
The Teutonia National Bank was clearly without right to hold Loeb & Co.’s note, pledged to secure a particular debt of Gretzner, Winehill & Co., on account of any other indebtedness of that firm to the bank. When Loeb & Co., and also Gretzner, Winehill & Co. with them, offered to pay and take up the note of the last named parties, the bank upon receiving payment in full for that note should have surrendered the collateral. It is fully proved that Loeb & Co. when they went to the bank carried with them legal tender notes wherewith to pay the thousand dollar note of Gretzner, Winehill & Co., and offered to pay it, which the bank refused to receive. The plea, therefore, that no tender was made of the money is unavailing; no formal tender was required after the money was refused by the bank.
We must concede from the mass of testimony in the record, in reference to the effect upon the credit of Loeb & Co., as merchants, resulting from the protest of their note, held by the bank against the earnest request of the makers, that they did, in reference to their credit in mercantile circles, suffer some injury; but the difficulty in such a case is to fix satisfactorily a sum in money that shall be the measure of the damages. We are of the opinion that the amount assessed by the jury is too large.
It is therefore ordered that the judgment of the lower court be annulled and reversed. It is further ordered that the plaintiff recover from H. Lo.eb & Co., the defendants, the sum of one thousand dollars• that plaintiff return to the defendants the note sued upon in this case.
It is further adjudged and decreed that H. Loeb & Co., recover from the plaintiffs on their reconventional demand, three thousand five hundred dollars. The plaintiff paying costs in the lower court, and the defendants and appellees the costs of this appeal.